THE FIRST NATIONAL BANK OF MARSHALLTOWN v. BONAWITZ.

1. **Usury**: EXTENSION OF TIME: AGENCY.  In an action upon a promissory note usury was pleaded, and it was alleged in the answer that the note was executed without any other consideration than the extension of time of payment of another note of the maker, held by a third party: *Held*, that the defense would not avail without proof that the party procuring the execution of the note was the agent of the payee of the note upon which the extension was granted.

*Appeal from Marshall Circuit Court.*

FRIDAY, DECEMBER 7.

THIS is an action upon a promissory note executed by the defendant, as follows:  "One year after date I promise to pay to E. B. Shattuck, or order, one hundred dollars, with 10 per cent interest from date, and reasonable attorney's fees for collection, if action is brought hereon, payable at the City Bank, Marshalltown, Iowa."  The answer alleges that at the time of the execution of the note sued on the defendant, George

Bonawitz, was indebted to one Romberger in the sum of about $1,800, which was then due, and it was then corruptly and usuriously agreed between said Romberger and defendant, George Bonawitz, that said Romberger should extend the time of payment of the said $1,800 for one year, and the same was to bear ten per cent interest in accordance with a certain note he then held against George Bonawitz for about $1,800 and in consideration of the extension of the time of payment of the said $1,800 note George Bonawitz agreed to and did execute the note sued upon, no consideration being given other than for usurious interest.

The cause was tried by the court and judgment was rendered for the defendant. The plaintiff appeals.

*R. E. Sears*, for appellant.

*Binford & Snelling*, for appellees.

DAY, Ch. J.—The answer alleges that at the time of the execution of the note sued on George Bonawitz was indebted

1. USURY: extension of time: agency.

to Romberger in the sum of about $1,800, and it was corruptly and usuriously agreed between Romberger and defendant, George Bonawitz, that the note sued on should be given for an extension, by Romberger, of the payment of the said $1,800 for one year.

The testimony of the defendant, George Bonawitz, in support of this allegation of the answer, is as follows: "At the time the note in question was executed I was indebted to one P. Romberger for about $1,600, then past due; he held my note, bearing ten per cent interest, secured by a chattel mortgage on all of my personal property. Romberger came here and wanted his money. I could not pay him. I asked him to give me time. He said he would if I would get William Bonawitz as security for the debt, but William Bonawitz refused to become security for the debt, and Mr. Romberger proposed to foreclose. I gave the note to E. C. Rice for an extension of the mortgage. Rice said he had bought it, and was going to borrow the money of Shattuck. I received no other consideration for the note except the extension." Upon

cross-examination this witness testified: "I went to the office of E. C. Rice, told him Romberger was here and asked him to help me. He inquired how much I owed, all told, and talked of letting me have money enough to pay all I owed and take one mortgage, but I was owing more than I could secure. I told Rice that if Romberger foreclosed he would ruin me. I got Romberger to see Rice, that or the next day. I thought Rice could get him to extend the debt."

The most that can be claimed for this testimony is that it proves that Bonawitz gave the note in question under an arrangement with Rice for an extension, upon the representation of Rice that he had bought the Romberger mortgage. There is no proof at all that Rice was the agent of Romberger, or had any authority from him to agree to an extension upon consideration of the execution of the note sued on. The testimony of defendant utterly fails, therefore, to support the allegation of the answer that the note sued on was executed pursuant to a corrupt usurious contract with Romberger.

Upon the other hand, the testimony of E. C. Rice is that the note in question was executed for services which he rendered in procuring Romberger to extend the time of payment of the debt due him; that Romberger never had any interest in the note sued on, and that it was made payable to E. B. Shattuck, of Worcester, Massachusetts, from whom Rice had money to invest in notes.

Under the issues and the testimony we think the court erred in finding for the defendant. The cause is reversed and remanded for new trial.

REVERSED.